IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 2 5 2011

JAMES N. HATTEN, CLERK
by S. Brannon, Deputy Clerk

| | |
|---|---|
| JOSE REMEDIOS ESCALERA, PEDRO TRUJILLO, CARLOS RIOS ESCALERA, MIGUEL LUNA LOPEZ, NOE S. TAVERA, ERNESTO ESCALERO, JESUS ESCALERA, GABRIEL PRADO GERARDO SANCHES, and SIMON MARES<br><br>Plaintiffs,<br><br>v.<br><br>STANKUNAS CONCRETE, INC. and FRANK STANKUNAS, an individual,<br><br>Defendants. | COMPLAINT<br><br>Case No. 1:11-CV-0251-TCB<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs Jose Remedios Escalera, Pedro Trujillo, Carlos Rios Escalera, Miguel Luna Lopez, Noe S Tavera, Ernesto Escalero, Jesus Escalera, Gabriel Prado, Gerardo Sanches, and Simon Mares worked as laborers for Defendants' concrete construction company. Despite the fact that Plaintiffs regularly worked long hours for Defendants, Defendants failed to pay them for all of the time they worked, and "shorted" them many hours. Regardless of how many hours they worked, Plaintiffs were only paid up to a maximum of 40 hours per week. To challenge these and other wage violations, Plaintiff, by and through his attorneys, complains of Defendants Stankunas Concrete, Inc., and its principal, Frank Stankunas, as follows:


Goldberg & Dohan
11 Park Place
Suite 1100
New York, NY 10007
646.502.7751

## INTRODUCTION

1. Plaintiffs bring this action to recover unpaid wages, overtime and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § *201 et seq.*, (hereinafter "FLSA").

2. Plaintiffs also bring correlative unjust enrichment and breach of contract claims associated with the same events giving rise to the wage claims.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' construction company which was at all relevant times located at 1372 Duncan Lane, Auburn, GA 30011-3808 in Barrow County.

## PARTIES

### Defendant Stankunas Concrete, Inc.

6. Defendant **Stankunas Concrete, Inc.** (hereinafter "Stangunas") is a foreign corporation doing business within the County of 1372 Duncan Lane, Auburn, GA 30011-3808 in Barrow County, and whose principal place of business is listed with the Georgia Secretary of State as 14417 NW 152nd Lane, Suite 210, Alachua, FL 32615, but which



11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Escalera v. Stangunas*
USDC, NDGA, Atlanta

Complaint
Page 2

has or at relevant times had an office at 1372 Duncan Lane, Auburn, GA 30011-3808 in Barrow County. Its registered agent is listed with the Georgia Secretary of State as Geoff Sarazen with an address of 4011 Lantern Lane, Dacula, Georgia 30019 in Gwinnett County.

7. At all times material to this action, Defendant Stangunas was subject to the FLSA and was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

8. At all relevant times, Defendant Stangunas was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, Defendant Stangunas had annual gross revenues in excess of $500,000.

**Defendant Frank Stankunas**

10. Defendant Frank Stankunas, an individual, resides at 6309 Breckenridge Cir, Lake Worth, FL 33467, in Palm Beach County.

11. Defendant Frank Stankunas has an ownership interest in and/or is a shareholder of Stangunas.

12. Defendant Frank Stankunas is an officer and/or director of Stangunas.

13. At all times material to this action, Defendant Frank Stankunas actively participated in the business of the corporation.

14. At all times material to this action, Defendant Frank Stankunas exercised substantial control over the functions of the company's employees including Plaintiffs.

15. At all times material to this action, Defendant Frank Stankunas, was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.



Goldberg & Dohan
11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

### All Plaintiffs

16. The Plaintiffs have all been construction workers performing various kinds of manual labor for Stankunas Concrete.

17. At all times material to this action, each Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

18. The Plaintiffs performed their duties relevant hereto in Georgia.

19. Plaintiffs have been paid on an hourly basis at a certain hourly rate of pay. None of them have been paid on a salary basis.

20. All of the Named Plaintiffs work, or have worked, more than 40 hours in a workweek for Defendants.

21. Although it varied week to week, the Named Plaintiffs generally worked approximately 60 hours per week.

22. Though their shifts varied, generally Plaintiffs generally started the workday at approximately 6:00-7:00am. Their ending times varied widely, but were generally between 3:00pm and 8:00pm.

23. While working in this capacity, Plaintiffs were not expected to log their own time by clocking in and out, swiping a card, logging into a computer, filling out a daily time sheet, or similar. Instead, a supervisor logged their time on a job sheet.

24. However, Plaintiffs were only paid for 40 hours a week on their pay stubs.

25. Further, on a number of occasions, Plaintiffs have received their pay checks late. At times, even when the Plaintiffs have been given paychecks, they have been unable to cash them due to insufficient funds.

26. Plaintiffs have been threatened by the Defendants that if any of the employees dare to



11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Escalera v. Stangunas*
USDC, NDGA, Atlanta

Complaint
Page 4

protest by not going to work because they were not paid on time that they would be fired.

### Plaintiff Jose Remedios Escalera

27. Plaintiff Jose Escalera worked for Stangunas as a laborer from January 25, 2010 to September 8, 2010.

28. Plaintiff Jose Escalera's rate of pay was $16.00 per hour.

### Plaintiff Pedro Trujillo

29. Plaintiff Trujillo worked for Stangunas as a laborer from January 25, 2010 to September 8, 2010.

30. Plaintiff Pedro Trujillo's rate of pay was $13.00 per hour.

### Plaintiff Carlos Rios Escalera

31. Plaintiff Carlos Escalera worked for Stangunas as a laborer from July, 2010 to September 8, 2010.

32. Plaintiff Carlos Escalera's rate of pay was $18.00 per hour.

### Plaintiff Miguel Luna Lopez

33. Plaintiff Lopez worked for Stangunas as a laborer from January 25, 2010 to September 8, 2010.

34. Plaintiff Lopez's rate of pay was $14.00 per hour.

### Plaintiff Noe S Tavera

35. Plaintiff Noe S. Tavera worked for Stangunas as a laborer from January 25, 2010 to September 8, 2010.

36. Plaintiff Escalera's rate of pay was $14.00 per hour.



*Escalera v. Stangunas*  
USDC, NDGA, Atlanta

Complaint  
Page 5

11 Park Place  
Suite 1100  
New York, NY 10007  
646.502.7751  
www.goldbergdohan.com

### Plaintiff Ernesto Escalero

37. Plaintiff Ernesto Escalero worked for Stangunas as a laborer from January 25, 2010 to September 8, 2010.

38. Plaintiff Ernesto Escalero's rate of pay was $13.00 per hour.

### Plaintiff Jesus Escalera

39. Plaintiff Jesus Excalera worked for Stangunas as a laborer from July, 2010 to September 8, 2010.

40. Plaintiff Jesus Escalera's rate of pay was $14.00 per hour.

### Plaintiff Gabriel Prado

41. Plaintiff Gabriel Prado worked for Stangunas as a laborer from August, 2010 to September 8, 2010.

42. Plaintiff Gabriel Prado's rate of pay was $12.00 per hour.

### Plaintiff Gerardo Sanches

43. Plaintiff Gerardo Sanches worked for Stangunas as a laborer from January 25, 2010 to September 8, 2010.

44. Plaintiff Gerardo Sanches's rate of pay was $14.00 per hour.

### Plaintiff Simon Mares

45. Plaintiff Simon Mares worked for Stangunas as a laborer from January 25, 2010 to September 8, 2010.

46. Plaintiff Simon Mares's rate of pay was $14.00 per hour.

### LEGAL CLAIMS

#### As And For A First Cause of Action: FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

47. Plaintiff realleges and incorporates by reference each allegation contained in the


Goldberg & Dohan
11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

48. Defendants failed to compensate each Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Failure To Pay Minimum Wage*

49. Defendants failed to pay Plaintiffs the minimum wage for all hours times he worked, in violation of the FLSA.

### *Improper Automatic Break Deductions When Breaks Not Taken*

50. Defendant's agents regularly deducted time from Plaintiff's time logged for alleged breaks or meal times.

51. Due to the nature of their responsibilities, Plaintiffs were rarely able to take a break during their shifts. To the extent that they were able to take a break at all, it was generally in the range of 5-20 minutes.

52. Plaintiff's superiors were aware that Plaintiffs did not regularly take the full amount of time being deducted from their pay for alleged break time.

53. To the extent that Plaintiff took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

54. As a result of these deductions, Defendant failed to pay Plaintiff for all hours they actually worked.

55. Further, as a result of these deductions, Defendant failed to pay Plaintiff for the hours



above 40 worked in a workweek at a rate of time and a half their normal hourly rate.

### *Record-Keeping Failures*

56. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

57. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

58. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

59. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### UNJUST ENRICHMENT

60. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

61. Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiff.

62. Defendants are liable to Plaintiffs in the amount of compensation unlawfully withheld from to him, along with liquidated damages, interest, litigation costs, attorney fees, and other damages.



11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Escalera v. Stangunas*
USDC, NDGA, Atlanta

Complaint
Page 8

### As And For A Third Cause of Action:
### BREACH OF CONTRACT

63. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

64. Plaintiffs and Defendants had an implied employment contract insofar as the employment relationship is inherently contractual in nature.

65. Plaintiffs agreed to perform certain functions for Defendants, in exchange for certain compensation.

66. Specifically, Defendants agreed to pay Plaintiffs a certain rate of pay for *all* hours worked, and time and a half that rate of pay for hours over 40 worked in a workweek.

67. By failing to pay Plaintiffs for all time worked and/or at their proper overtime rate, Defendants breached their contract of employment with Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A) Award Plaintiffs unpaid wages and unpaid overtime wages due under the FLSA;

(B) Award Plaintiffs liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiffs interest;

(D) Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(E) Award such other and further relief as this Court deems necessary and proper.



Goldberg & Dohan
11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this 20ᵗʰ day of January, 2011.

GOLDBERG & DOHAN, LLP

**Penn U. Dodson (PD 2244)**
*pdodson@goldbergdohan.com*
Attorney for Plaintiffs

Through 1/31/11:
11 Park Place, Suite 1100
New York, NY 10007
Effective 2/1/11:
275 Maidson Ave., Ste. 705
New York NY 10016
(646) 502-7751 direct
(800)719-1617 main
(212) 406-4779 fax

